# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED BENJAMIN MIMMS,<br><br>        Petitioner,<br><br>v.<br><br>THE STATE OF CALIFORNIA,<br><br>        Respondent. | Case No. 17-cv-02269-BAS-AGS<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

  Petitioner, a person incarcerated in the San Diego City Jail and proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) Petitioner alleges that "the State of California is still practicing Eugenics" on him and "is trying to pay hot men poor in civil law using the Church of Christian Science," that "its people are voting for Petitioner's death based on height, weight and face criteria only," that he is "rich in civil law with the highest intelligence in on Earth," and the Judge and Deputy District Attorney in the state court "have directly lied. Deals are offered only on height, weight and face. Kill them now on treason one felony."[1] (*Id.* at 1.)

---

[1] Petitioner has filed other civil cases in this Court with similar allegations. *See* Case Nos. 17-cv-507-BAS (KSC), 17-cv-1854-WQH (NLS), 17-cv-2001-LAB (KSC).

1

The Petition is subject to dismissal without prejudice because Petitioner has failed to satisfy the filing fee requirement, failed to use a court-approved petition form, failed to name a proper respondent, failed to state a cognizable claim, and failed to allege exhaustion of state court remedies.

## I. FAILURE TO SATISFY FILING FEE REQUIREMENT

Petitioner has neither paid the $5.00 filing fee nor submitted an application to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. *See* Rule 3(a), 28 U.S.C. foll. § 2254.

## II. FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Typically, that person is the warden of the facility in which the petitioner is incarcerated." *Id.* Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in

custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "The State of California" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

### III. FAILURE TO USE PROPER FORM

A Petition for a Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(d), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. *Id.*; Civ. L. R. HC. 2(b). Presently, Petitioner has not submitted his petition for a writ of habeas corpus on a court-approved form.

### IV. FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM

Additionally, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States. Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district
> court shall entertain an application for a writ of habeas corpus in

3

> behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States*.

28 U.S.C. § 2254(a) (emphasis added). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," *and* that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Although Petitioner has set forth allegations regarding his perceived treatment by the State of California, he has not set forth any federal constitutional claims in the Petition, and has not alleged that he is in custody in "violation of the Constitution or laws or treaties of the United States." *Id.* Thus, he has not satisfied this pleading requirement.

## V. FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES

Finally, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); *Granberry*, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, *in state court*, how one or more of his or her federal rights have been violated. The Supreme Court in *Duncan v. Henry*, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims *under the United States Constitution*." *Id.* at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the *due process of law guaranteed by the Fourteenth Amendment*, he [or she] must say so, not only in federal court, but in state court." *Id.* at 366 (emphasis added). Petitioner does not allege that he

4

raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court, he must so specify. The burden of proving that a claim has been exhausted lies with the petitioner. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

The Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D).

The statute of limitations does not run while a properly filed *state* habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

## VI. CONCLUSION AND ORDER

Rule 4 of the rules governing Section 2254 cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not satisfied the filing fee requirement, has not named a proper respondent, has not used a court-approved petition form, has not stated a cognizable claim, and has not alleged exhaustion of state court remedies.

Accordingly, the Court **DISMISSES** this action without prejudice. To have this case reopened, Petitioner must submit, **no later than December 11, 2017**, a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee and file a First Amended Petition that cures the pleading defects identified above. The Clerk of Court shall send a blank Southern District of California In Forma Pauperis Application and a blank Southern District of California amended petition form to Petitioner along with a copy of this Order.

**IT IS SO ORDERED.**

DATED: November 8, 2017

Hon. Cynthia Bashant
United States District Judge